

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 02-166 |
| v. | : | DATE FILED: _____ |
| AMY ALLEN | : | VIOLATION: 18 U.S.C. § 1341 |
| DARRYL EVANS | | (Mail fraud - |
| CASIMIR LUTZ | : | 10 counts) |
| MARTIN WILLIAMS | | 18 U.S.C. § 1343 |
| TIMOTHY HELCK | : | (Wire fraud - |
| | | 2 counts) |

FILED
MAR 19 2002
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### INDICTMENT

COUNTS ONE THROUGH EIGHT

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

**THE MOUNTED UNIT**

1. The Mounted Unit of the Philadelphia Police Department ("Mounted") was comprised of the Philadelphia Police Department officers who rode horses during their patrol and civilians who cared for the horses.

2. Because Mounted needed to care for the horses, Mounted was one of a few units of the Philadelphia Police Department that was permitted to order supplies directly from vendors. In order to control the amount and cost of the items supplied, the City of Philadelphia entered into contracts with vendors who submitted bids to supply Mounted with specific stable supplies and horse shoe tools and supplies.

A TRUE COPY CERTIFIED FROM THE RECORD
DATED: 4-19-05
ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

3. The bid forms listed the specific items that the potential vendors were authorized to supply Mounted under the contracts and required the potential vendors to submit prices for each item. The City of Philadelphia awarded the contracts to the lowest responsible bidder, which allowed the vendors to supply Mounted the specific items, at the quoted prices, when Mounted requested the items.

4. When Mounted ordered an item listed on the contracts, the vendors sent an invoice to the Philadelphia Police Department for payment, and the City of Philadelphia paid the invoice after verifying with Mounted that Mounted had received the items listed on the invoice.

5. Every Philadelphia police officer received an annual clothing allowance from the City of Philadelphia, and each officer was therefore personally responsible for purchasing and maintaining his or her required uniform and equipment.

### THE DEFENDANTS

6. Defendant TIMOTHY HELCK owned Summit Tech, located in Cranbury, New Jersey, which was in the business of providing horse shoe tools and supplies. Summit Tech had no expertise in providing stable supplies. Summit Tech was the horse shoeing tools and supplies vendor for Mounted from in or about May 1997, to at least in or about August 1999, and the stable supplies vendor for Mounted from in or about March 1998, to at least in or about August 1999.

7. Defendant DARRYL EVANS was a lieutenant at the Philadelphia Police Department and was the commanding officer at Mounted, responsible for the operations of Mounted, including the ordering and maintenance of the supplies and property at Mounted, from in or about June 1998, to in or about August 1999.

8. Defendant CASIMIR LUTZ was the blacksmith at Mounted, employed by the City of Philadelphia, and responsible for shoeing the horses at Mounted and for ordering the tools and supplies needed for shoeing the horses.

9. Defendant MARTIN WILLIAMS was a police officer at Mounted. From in or about February 1998, to in or about June 1998, and from in or about September 1998, to in or about July 1999, defendant MARTIN WILLIAMS was a trainer at Mounted, responsible for training the horses and the police officers in riding the horses, and for ordering items needed for training. From in or about June 1998, to in or about September 1998, defendant MARTIN WILLIAMS was the aide to the commanding officer at Mounted, defendant DARRYL EVANS, and as such was responsible for assisting defendant DARRYL EVANS in his duties, including the processing of the required paperwork for vendors to be paid.

10. Defendant AMY ALLEN was a police officer at Mounted, whose duties included patrolling on horse.

## THE SCHEME

11. From in or about September 1997, to in or about August 1999, defendants

> AMY ALLEN,
> DARRYL EVANS,
> CASIMIR LUTZ,
> MARTIN WILLIAMS, and
> TIMOTHY HELCK

devised and intended to devise a scheme to defraud the City of Philadelphia and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

It was part of the scheme that:

12. Defendants AMY ALLEN, DARRYL EVANS, CASIMIR LUTZ, MARTIN WILLIAMS, and TIMOTHY HELCK defrauded the City of Philadelphia by fraudulently ordering personal items and other items not authorized under the contracts, and falsely billing the City of Philadelphia for these items.

13. Defendants AMY ALLEN, DARRYL EVANS, CASIMIR LUTZ, MARTIN WILLIAMS, and TIMOTHY HELCK and other Mounted employees ordered items from defendant TIMOTHY HELCK that were not authorized under the contracts that Summit Tech had with the City of Philadelphia.

14. Defendant TIMOTHY HELCK billed the City of Philadelphia for the items not authorized by the contracts by submitting false invoices to the City of Philadelphia. Defendant TIMOTHY HELCK totaled the costs of all the non-contract items he had supplied Mounted, and charged a profit of approximately 20%. Defendant TIMOTHY HELCK then provided the City of Philadelphia with false invoices to make it appear he had actually supplied Mounted items on the contracts, when, in fact, Mounted had not received all of the items defendant TIMOTHY HELCK listed.

15. Defendants AMY ALLEN, DARRYL EVANS, CASIMIR LUTZ, and MARTIN WILLIAMS, knowing that defendant TIMOTHY HELCK was fraudulently billing the City of Philadelphia for non-contract items with false invoices, defrauded the City of Philadelphia by ordering from defendant TIMOTHY HELCK approximately $19,000 of personal items and other items not authorized under the contracts, including:

> * Three complete computer systems, including computers, monitors, printers, scanners and cables;

* Additional computer accessories, including printers and external CD-ROMs;

* Clothing, including chaps, boots, boot accessories, shirts, gloves and socks;

* Jewelry and decorative items;

* Facsimile machine;

* Washer;

* Tool boxes and heaters;

* Horse equipment and medicine, including horse bandages, saddle bags, reins, and spurs; and

* Puzzles.

16. Defendant TIMOTHY HELCK defrauded the City of Philadelphia by using false invoices to bill the City of Philadelphia for the approximately $19,000 in personal items and other items not authorized under the contracts, that defendants AMY ALLEN, DARRYL EVANS, CASIMIR LUTZ, and MARTIN WILLIAMS had ordered.

17. From in or about June 1998, to in or about August 1999, defendant DARRYL EVANS, as the commanding officer at Mounted, verified for the City of Philadelphia that all of the items on false invoices of defendant TIMOTHY HELCK had been received at Mounted, when defendant DARRYL EVANS knew that items on the false invoices had not been received.

18. On or about the following dates, in the Eastern District of Pennsylvania and elsewhere, having devised and intending to devise this scheme, defendants

AMY ALLEN,
DARRYL EVANS,
CASIMIR LUTZ,
MARTIN WILLIAMS, and
TIMOTHY HELCK,

for the purpose of executing the scheme and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter to be sent by the United States Postal Service, according to the directions thereon, the checks described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| One | August 31, 1998 | Check No. 161-27017, sent by the City of Philadelphia, by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy [sic], New Jersey, as payment on false invoices Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: boots, horseshoe pitching sets, spurs and spur straps |
| Two | October 1, 1998 | Check No. 161-34830, sent by the City of Philadelphia, by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy, New Jersey, as payment on false invoices Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: a computer system, a computer printer, and a saddle pad |
| Three | November 9, 1998 | Check No. 143-05805, sent by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy, New Jersey, as payment on false invoices Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: clothing, jewelry, decorative items, Visible Horse, spurs, horse bell boots, and stable bandages |

| | | |
|---|---|---|
| Four | December 14, 1998 | Check No. 143-15555, sent by the City of Philadelphia, by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy, New Jersey, as payment on a false invoice Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: computer accessories, computer desk and chair, clothing, a saddle bag, spurs, reins and heaters |
| Five | February 23, 1999 | Check No. 143-31533, sent by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy, New Jersey, as payment on a false invoice Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: two computer systems, computer accessories, clothing, and jewelry |
| Six | April 26, 1999 | Check No. 143-48758, sent by the City of Philadelphia, by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy, New Jersey, as payment on a false invoice Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: clothing, jewelry and computer disks |
| Seven | May 21, 1999 | Check No. 143-56034, sent by the City of Philadelphia, by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy, New Jersey, as payment on a false invoice Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: a washer, computer accessories, clothing, and decorative items |
| Eight | July 23, 1999 | Check No. 143-71561, sent by the City of Philadelphia, by U.S. mail, to Summit Tech, 2515 Rt 130 South, Cranbuy, New Jersey, as payment on false invoices Summit Tech submitted to cover the costs of items supplied, including the following personal items and other items supplied to the defendants: computer accessories, a facsimile machine, clothing, and flashing lights |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS NINE AND TEN

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs One through Seventeen of Count One are incorporated here.

2. On or about the following dates, in the Eastern District of Pennsylvania and elsewhere, having devised and intending to devise this scheme, the following defendants, for the purpose of executing the scheme and attempting to do so, knowingly caused to be delivered by commercial interstate carrier, as specified below, the following packages, according to the directions thereon:

| COUNT | APPROXIMATE DATE | DESCRIPTION | DEFENDANTS |
|---|---|---|---|
| Nine | March 5, 1998 | Package containing personal items and other items not authorized under the contracts, including boots and spurs, delivered by United Parcel Service, to 1813 Shelmire Avenue, Philadelphia, Pennsylvania | **AMY ALLEN, CASIMIR LUTZ, MARTIN WILLIAMS, and TIMOTHY HELCK** |
| Ten | December 22, 1998 | Package containing personal items and other items not authorized under the contracts, that is a computer system, delivered by United Parcel Service, to 1813 Shelmire Avenue, Philadelphia, Pennsylvania | **AMY ALLEN, DARRYL EVANS, CASIMIR LUTZ, MARTIN WILLIAMS, and TIMOTHY HELCK** |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS ELEVEN AND TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs One through Seventeen of Count One are incorporated here.

2. On or about the following dates, in the Eastern District of Pennsylvania and elsewhere, defendants

**AMY ALLEN,
DARRYL EVANS,
CASIMIR LUTZ,
MARTIN WILLIAMS,
and
TIMOTHY HELCK**

for the purpose of executing this scheme, caused to be transmitted by means of wire communication in interstate commerce, the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| Eleven | October 1, 1998 | Handwritten order for items, including the following personal items and other items not authorized under the contracts: clothing, jewelry, and decorative items; signed "Thanks Tim, Cass," by facsimile, from Pennsylvania, (215) 673-7040, to Summit Tech, in New Jersey, (609) 395-1962 |
| Twelve | April 16, 1999 | Handwritten order for personal items and other items not authorized under the contracts, that is lighting equipment, with, "Amy have Cass order this for me," by facsimile, from Pennsylvania, (215) 673-7040, to Summit Tech, in New Jersey, (609) 395-1962 |

All in violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
for PATRICK L. MEEHAN
*United States Attorney*

**First Assistant U.S. Attorney**